FILED
05/09/2018
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 3, 2018

**STATE OF TENNESSEE v. TOBIAS JOHNSON**

**Appeal from the Criminal Court for Shelby County
Nos. 03-07370, 03-07371, 04-00221, 04-00733, 05-02372
Carolyn W. Blackett, Judge**

_____

**No. W2017-01644-CCA-R3-CD**

_____

The petitioner, Tobias Johnson, appeals from the Shelby County Criminal Court's denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. The petitioner contends his sentence for life with parole eligibility at thirty percent is illegal pursuant to Tennessee Code Annotated sections 40-35-501(i)(1), (i)(2)(A). The petitioner bargained for and received a life sentence pursuant to his plea agreement. The judgment of conviction contains a clerical error because "standard 30%" rather than "violent 100%" was checked for "release eligibility." The petitioner's concurrent sentences for rape and incest have expired. Discerning no error, we affirm the judgment of the trial court summarily dismissing the motion for failure to state a colorable claim, but remand for correction of the clerical error pursuant to Tennessee Rule of Criminal Procedure 36.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed;
Case Remanded**

J. ROSS DYER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR. and ROBERT L. HOLLOWAY, JR., JJ., joined.

Tobias Johnson, Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Amy P. Weirich, District Attorney General; and Paul Goodman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## Facts and Procedural History

The petitioner appeals the dismissal of his motion to correct an illegal sentence. From 2003 to 2005, Shelby County grand juries indicted the petitioner in five cases. *Tobias Johnson v. State*, No. W2009-01365-CCA-R3-PC, 2011 WL 334275, at *1 (Tenn. Crim. App. Jan. 28, 2011), *perm. app. denied* (Tenn. June 3, 2011). In case number 03-07370, the grand jury indicted him for the rape of a child, A.H., a Class A felony.[1] *Id.* In case number 03-07371, the grand jury indicted the petitioner for the aggravated rape of M.M., a Class A felony. *Id.* In case number 04-00221, the grand jury indicted the petitioner for (1) the murder of T.K. in the perpetration of a kidnapping; (2) the murder of T.K. in the perpetration of child abuse; (3) especially aggravated kidnapping, a Class A felony; and (4) aggravated child abuse, a Class B felony. *Id.* In case number 04-00733, the grand jury indicted the petitioner for the aggravated rape of C.J., a Class A felony. *Id.* In case number 05-02372, the grand jury indicted the petitioner for incest, a Class C felony. *Id.*

On May 25, 2007, pursuant to a negotiated plea agreement and under the authority of *North Carolina v. Alford*, 400 U.S. 25 (1970), the petitioner entered best interest guilty pleas in case number 04-00221, to murder in the perpetration of a kidnapping, for which he received a life sentence, "with the possibility of parole;" in case numbers 03-07370 and 03-07371, to the reduced charges of rape, Class B felonies, for which he received eight years as a Range I, standard offender for each; in case number 05-02372 to incest and received three years as a Range I, standard offender. The court ran all the sentences concurrently. *Id.* The State dismissed counts two through four of case number 04-00221 and dismissed case number 04-00733. *Id.* The plea agreement for case number 04-00221 indicates release eligibility at "Standard 30%."

On March 24, 2017, the petitioner filed a motion to correct an illegal sentence, pursuant to Tennessee Rule of Criminal Procedure 36.1. The petitioner argued the judgment form for felony murder reflected an illegal sentence because it showed thirty-percent release eligibility for his life sentence. Additionally, he argued that rape was not a lesser-included offense of rape of a child, and thus these convictions, and their eight-year sentences, were illegal, as were the thirty-percent release eligibilities for these sentences.

The trial court dismissed the motion on July 10, 2017, finding the petitioner received a legal sentence of life pursuant to his plea agreement, and that his sentences for

---

[1] It is the policy of this Court to refer to victims of sexual abuse by their initials.

rape had expired, thus not entitling him to relief. The petitioner initially filed his notice of appeal with the trial court clerk on July 26, 2017. On August 8, 2017, his notice of appeal was returned to him with a note, dated July 28, 2017, informing the petitioner to file his notice directly with the appellate clerk. The petitioner's notice of appeal was subsequently stamp-filed by the appellate court clerk on August 17, 2017.

### *Analysis*

The petitioner argues in error that his sentence is illegal because his plea agreement contains a bargained-for element of parole eligibility after service of thirty percent of the sentence that is in direct contravention of the statute. The plea agreement clearly stated that his sentence for felony murder was "Life with Parole." He contends he stated a colorable claim for relief and is entitled to the appointment of counsel and an evidentiary hearing for his claims. The State argues in response that the petitioner's notice of appeal is untimely, and the petitioner has not stated a colorable claim for relief. Upon our review, we affirm the judgment of the trial court.

As an initial matter, we must determine whether the petitioner's appeal is timely. Tennessee Rule of Appellate Procedure 4(a) states that the notice of appeal "shall be filed with and received by the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). Here, the trial court issued its order on July 10, 2017, and the petitioner's notice of appeal was stamped-file August 17, 2017. Initially however, the petitioner incorrectly filed his notice of appeal with the trial court clerk on July 28, 2017. Pursuant to the transitional provision of Tennessee Rules of Appellate Procedure 4(a), a party who has incorrectly filed with the trial court "shall have [twenty] additional days, counting from the [thirtieth] day after the date of entry of the judgment, within which to file the notice of appeal with the appellate court clerk." *Id*. Based on our review of the record, the petitioner filed his notice with appellate court clerk within the twenty days allowed under the "transitional provision" of Tennessee Rule of Appellate Procedure section 4(a) and is, therefore, timely.

Whether a motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law calling for de novo review. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). Rule 36.1 provides that the petitioner "may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). A sentence is illegal if it is not authorized by the applicable statutes or directly contravenes an applicable statute. *Id.* If the motion states a colorable claim, the trial court shall appoint counsel if the petitioner is indigent and not already represented by counsel and hold a hearing on the motion, unless the parties waive the hearing. Tenn. R.

Crim. P. 36.1(b). A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).

"[F]ew sentencing errors render [a sentence] illegal." *Id.* at 595. Rather, sentencing errors may be clerical, appealable, or fatal, and only fatal errors render a sentence illegal. *Id.* Clerical errors "'arise simply from a clerical mistake in filling out the uniform judgment document' and may be corrected at any time under Tennessee Rule of Criminal Procedure 36." *Id.* at 595 (quoting *Cantrell v. Easterling*, 346 S.W.3d 445, 453 (Tenn. 2011)). Appealable errors are "'those errors for which the Sentencing Act specifically provides a right of direct appeal'" and are generally attacks on the methodology used by the trial court when imposing a sentence. *Id.* Fatal errors are those errors "so profound as to render the sentence illegal and void" and include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offense." *Id.*

Relying on Tennessee Code Annotated sections 40-35-501(i)(1), (i)(2)(A), the petitioner correctly maintains there is no release eligibility for a person convicted of first-degree murder and the person "must serve 100% of his or her sentence less any retained and earned sentence credits, which may not exceed fifteen percent." The plea agreement form incorrectly stated the defendant would be sentenced to "life with parole." In Tennessee, both now and at the time the petitioner pled guilty there are only three possible sentences for first degree murder: life, life without possibility of parole, and death. Tenn. Code Ann. § 39-13-202 (c)(1995). However, that misnomer, life with parole, does not make the sentence illegal or render the judgment void. *Christopher A. Williams v. State,* No. W2013-00555-CCA-R3-HC, 2013 WL 5493568, at *2 (Tenn. Crim. App. Sept. 30, 2013). The petitioner bargained for and received a life sentence for felony murder. The party preparing the judgment should have checked "violent 100%" and "1st degree murder," not "Standard 30%." That was a clerical error. *Thaddius Brown v. State*, No. W2010-01131-CCA-R3-PC, 2011 WL 4027338, at *1 (Tenn. Crim. App. Sept. 9, 2011). We remand the case to the trial court for entry of a corrected judgment in Count 1 of case 04-00221. The sentences the petitioner received for the rape and incest have expired. "Rule 36.1 does not expand the scope of relief and does not authorize the correction of expired illegal sentences." *State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). The trial court, therefore, did not err in denying the petitioner's 36.1 motion. *Jarvis D. Cohen*, 2017 WL 2805206, at *3. The petitioner is not entitled to relief.

*Conclusion*

Based on the foregoing, we affirm the judgment of the trial court but remand for correction of the judgment of conviction.

_____
J. ROSS DYER, JUDGE